1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
   Shon Deray Gauldin,                    )    No.  CV-17-01307-PHX-SPL
9                                         )
                      Petitioner,         )
10                                        )    **ORDER**
   v.                                     )
11                                        )
   Justin Beresky, et al.,                )
12                                        )
                      Respondents.        )
13                                        )
                                          )
14 ─────────────────────────────────────)

15        The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to
16 28 U.S.C. § 2254.  (Doc. 1.)  The Court has also received Respondents' Limited Answer
17 (Doc. 8), Petitioner's Reply and Request for Evidentiary Hearing (Doc.9), the Report and
18 Recommendation of the Magistrate Judge (Doc. 10), Petitioner's Objections (Doc. 13),
19 and the Response to the Petitioner's Objections. (Doc. 14.)
20        Petitioner argues in Ground One that the Arizona State Court of Appeals violated
21 his Fourteenth Amendment Rights.  (Doc. 1 at 6.)  In Ground Two, Petitioner argues the
22 Arizona State Court of Appeals violated his Due Process Rights.  (*Id.* at 7.)  Respondents
23 argue the petition must be dismissed with prejudice because Petitioner failed to offer new
24 evidence to prove that he is actually innocent, and cannot excuse his procedural defaults.
25 (Doc. 8, 3-18.)   Judge Pyle concluded the Petitioner's claims are not cognizable under 28
26 U.S.C. § 2254 as questions solely of state law.  Alternatively, Judge Pyle further found
27 the Petitioner Grounds are precluded without excuse. (Doc. 10, 4-17.)
28        A district judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations along with the Petitioner's request for an evidentiary hearing have been carefully considered. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Pyle.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.      That the Magistrate Judge's Report and Recommendation (Doc. 10) is **accepted** and **adopted** by the Court;

2.      That the Petitioner's Objections (Doc. 13) are **overruled**;

3.      That the Petitioner's Request for an Evidentiary Hearing (Doc. 9) is **denied**;

4.      That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

5.      That a Certificate of Appealability and leave to proceed *in forma pauperis*

on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

6.      That the Clerk of Court shall **terminate** this action.

Dated this 10th day of May, 2018.

Honorable Steven P. Logan
United States District Judge